UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WINSTON GREY BRAKEALL, a/k/a Winston G. Brakeall,<br><br>    Petitioner,<br><br>vs.<br><br>ROBERT DOOLEY, Chief Warden, Mike Durfee State Prison,<br><br>    Respondents. | 4:17-CV-04112-LLP<br><br>ORDER TO SHOW CAUSE |

## INTRODUCTION

  Petitioner, Winston Grey Brakeall, an inmate at the Mike Durfee State Prison in Springfield, South Dakota, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Brakeall challenges the revocation of his parole, alleging defendants violated his constitutional rights in doing so. See Docket No. 1. Mr. Brakeall filed a state habeas petition challenging his parole revocation, but the state circuit court judge dismissed his petition summarily because Mr. Brakeall had failed to pursue an administrative appeal of the decision by the South Dakota Board of Pardons and Parole. Id. Mr. Brakeall now seeks habeas relief in this court, alleging that because his constitutional rights were violated, he need not have pursued administrative remedies within the Board of Pardons and Parole. Id.

## DISCUSSION

A state prisoner who believes he is incarcerated in violation of the Constitution or laws of the United States may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Such petitions are governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  Under AEDPA, federal courts may exercise only a "limited and deferential review of underlying state court decisions."  Osborne v. Purkett, 411 F.3d 911, 914 (8th Cir. 2005).  Under ADEPA, federal habeas review of state court convictions is limited to claims the petitioner previously presented to the state courts for consideration:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>     (A) the applicant has exhausted the remedies available in the courts of the state; or
>     (B)  (i) there is an absence of available State corrective process; or
>         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> * * *
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

See 28 U.S.C. § 2254(b) and (c).

"[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  If a ground for relief in the petitioner's claim makes factual or legal arguments that were not present in the petitioner's state claim, then the ground is not exhausted.  Kenley v. Armontrout, 937 F.2d 1298, 1302 (8th Cir. 1991).  The exhaustion

doctrine protects the state courts' role in enforcing federal law and prevents the disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982). The Supreme Court has stated:

> Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Rose, 455 U.S. at 518 (citation omitted).

The exhaustion rule requires state prisoners to seek complete relief on all claims in state court prior to filing a writ of habeas corpus in federal court. Federal courts should, therefore, dismiss a petition for a writ of habeas corpus that contains claims that the petitioner did not exhaust at the state level. See 28 U.S.C. § 2254; Rose, 455 U.S. at 522. The exhaustion requirement is waived "only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995).

A federal court must determine whether the petitioner fairly presented an issue to the state courts in a federal constitutional context. Satter v. Leapley, 977 F.2d 1259, 1262 (8th Cir. 1992). "To satisfy exhaustion requirements, a habeas petitioner who has, on direct appeal, raised a claim that is decided on its merits need not raise it again in a state post-conviction proceeding." Id. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. "A claim is considered

exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

Fairly presenting a federal claim requires more than simply going through the state courts:

> The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.

Picard v. Connor, 404 U.S. 270, 276 (1971).

It is also not enough for the petitioner to assert facts necessary to support a federal claim or to assert a similar state-law claim. Ashker, 5 F.3d at 1179. The petitioner must present both the factual and legal premises of the federal claims to the state court. Smittie v. Lockhart, 843 F.2d 295 at 297 (8th Cir. 1988) (citation omitted). "The petitioner must 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.' " Ashker, 5 F.3d at 1179. This does not, however, require petitioner to cite "book and verse on the federal constitution." Picard, 404 U.S. at 278 (citing Daugharty v. Gladden, 257 F.2d 750, 758 (9th Cir. 1958)). The petitioner must simply make apparent the constitutional substance of the claim. Satter, 977 F.2d at 1262.

In this federal petition, Mr. Brakeall asserts his state parole revocation violated his constitutional rights.  See Docket 1.  Although Mr. Brakeall did file a habeas petition in state court, it appears to the court that Mr. Brakeall's claim is not exhausted at the state level.  That is because it is the final decision of the Board of Pardons and Paroles which Mr. Brakeall seeks to challenge in his state habeas petition and this pending § 2254 petition.

It appears to the court that the appropriate remedy for Mr. Brakeall to challenge the Board's decision was *not* a state habeas corpus petition under SDCL Chapter 21-27.  Instead, Mr. Brakeall should have pursued an appeal of the Board's decision through SDCL Chapter 1-26.  Because he failed to properly pursue his administrative appeal, it appears Mr. Brakeall has not exhausted his state remedies.

South Dakota law provides  "[a]n appeal from the Board is governed by SDCL 1-26-37."  Santema v. South Dakota Board of Pardons and Paroles, 735 N.W.2d 904, 905 (S.D. 2007) (quoting Austad v. South Dakota Board of Pardons and Paroles, 719 N.W.2d 760, 764 (S.D. 2006).  In Santema, the South Dakota inmate challenged the Board's calculation of his parole eligibility date.  Id.  In Austad, as in this case, the inmate challenged the Board's revocation of his parole.  Austad, 719 N.W.2d at 762.  In both cases, the South Dakota Supreme Court unequivocally instructed that appeals from the decisions of the Board of Pardons and Paroles are governed by SDCL 1-26-37.  Santema, 735 N.W.2d at 905; Austad, 719 N.W. 2d at 764.  See also, Acevedo v. South

Dakota Board of Pardons and Paroles, 768 N.W.2d 155, 158 (S.D. 2009) (same).

In Bohlman v. Lindquist, 562 N.W2d 578 (S.D. 1997), a patient brought a habeas petition in circuit court, seeking a transfer to a less restrictive facility. Id. at 578. The circuit court dismissed the petition however, because Mr. Bohlman had not obtained the necessary certification for *release*. Id. at 580. The South Dakota Supreme Court explained the circuit court reached the right result in dismissing Mr. Bohlman's habeas petition, though it did so for the wrong reason. Id.

The court began by explaining the Human Services Center was an administrative agency within the Department of Human Services, an executive department under SDCL 1-36A-1.3. Id. at 580. "Once an offender is within the jurisdiction of the executive branch of government, the judicial branch –the circuit court—loses jurisdiction and control. The judiciary's relinquishment of jurisdiction to the executive branch upon commitment of a defendant to an executive agency avoids the chaos and confusion that would result from simultaneous jurisdiction." Id. at 581 (citations omitted). The court further explained Mr. Bohlman must first follow the appropriate administrative procedures to seek a less restrictive setting.

> "[I]n the event [he] is denied relief, he is entitled to judicial review of the denial. SDCL 1-26-30.
>
> Bohlman, however, has not made an administrative request to be transferred. Rather than requesting the HSC evaluate his placement, he filed an application for a writ of habeas corpus with the court. This application is premature due to Bohlman's failure to pursue appropriate remedies to obtain the requested transfer

6

> and precludes judicial jurisdiction to review the request.  We are without jurisdiction to entertain Bohlman's appeal at this time.  The dismissal of Bohlman's application for a writ of habeas corpus is affirmed.

Id.  Though Mr. Bohlman was not a prisoner, this language is significant because persons on parole or suspended sentence are also under the supervision of the executive branch of the government.  Krukow v. South Dakota Board of Pardons and Paroles, 716 N.W.2d 121, 125 (S.D. 2006) (citaitons omitted).  As such, pursuant to Bohlman, a state habeas corpus petition is "premature" until the prisoner has complied with Chapter 1-26.

Additionally, the United States Supreme Court has explained that to comply with 28 U.S.C. § 2254 a petitioner must only give the state "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's *established appellate review process*."  O'Sullivan, 526 U.S. at 845 (emphasis added).

In Castille v. Peoples, 489 U.S. 346 (1989), the Court examined the language in § 2254 which states exhaustion is deemed incomplete if the petitioner has the right to raise the question presented by *any* available procedure.  Id. at 350.  The Court explained

> Read narrowly, this language appears to preclude a finding of exhaustion if there exists any possibility of further state court review.  We have, however, expressly rejected such a construction.  Brown v. Allen, 344 U.S. 443, 448-49 n.3 (1953), holding instead that once the state courts have ruled upon a claim, it is not necessary for a petitioner to 'ask the state court for collateral relief, based upon the same evidence and issues already decided by direct review.' Id. at 447.  This interpretation reconciles § 2254(c) with § 2254(b), which provides that federal habeas review will lie where state corrective processes are 'ineffective to protect the right of the prisoner.'  It would be inconsistent with the latter provision,

7

> as well as the underlying principles of comity, to mandate recourse to state collateral review whose results have effectively been predetermined, or permanently to bar from federal habeas prisoners in States whose postconviction procedures are technically inexhaustible.

Castille, 489 U.S. at 350.  According to Castille then, the exhaustion doctrine would not require Mr. Brakeall to file a state habeas pursuant to SDCL Chapter 21-27 if he had complied with the procedure for directly appealing decisions of the Board of Pardons and Paroles outlined pursuant to SDCL Chapter 1-26. This is because the constitutional issues Mr. Brakeall wishes to present to this court would have already been presented to the state courts through this channel.  See also Eaton v. Wyrick, 528 F.2d 477, 480 (8th Cir. 1975) ("the exhaustion requirement was not meant . . . to provide the state with more than one full and fair opportunity to decide a question which is properly presented to it for review.").

It appears that Mr. Brakeall's claims are not exhausted  because he did not invoke one complete round of the State's established appellate review process.  O'Sullivan, 526 U.S. at 845.  Pursuant to Santema the "established appellate review process"  for decisions of the South Dakota Board of Pardons and Paroles is dictated by   SDCL § 1-26.  SDCL § 1-26-31 provides:

> **1-26-31**.  Notice of appeal--Time for service and filing. An appeal shall be taken by serving a copy of a notice of appeal upon the adverse party, upon the agency, and upon the hearing examiner, if any, who rendered the decision, and by filing the original with proof of such service in the office of the clerk of courts of the county in which the venue of the appeal is set, within thirty days after the agency served notice of the final decision or, if a rehearing is authorized by law and is requested, within thirty days after notice has been served of the decision thereon. Failure to serve

8

notice of the appeal upon the hearing examiner does not constitute a jurisdictional bar to the appeal.

See SDCL § 1-26-31.

The South Dakota Supreme Court has held that this requirement is jurisdictional, requiring dismissal of the appeal if it is not properly and timely filed and served. Hansen v. South Dakota Board of Pardons and Paroles, 601 N.W.2d 617, 619 (S.D. 1999). Thus, the circuit court (and consequently the South Dakota Supreme Court) was deprived of the opportunity to review the merits of Mr. Brakeall's constitutional claims. As such, he failed to exhaust his constitutional claims in state court. Normally, the appropriate action for a federal court faced with unexhausted claims would be to dismiss the petition without prejudice to allow the petitioner to exhaust his state remedies. Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998).

Based upon the foregoing,

IT IS ORDERED that:

(1) the Clerk of Court is directed to serve upon the respondents and the Attorney General of the State of South Dakota a copy of the petition and this Order;

(2) respondents will file and serve a response to the petition within thirty (30) days after receipt of this Order. In addition to any issue the respondents wish to address, respondents are ordered to address the exhaustion issue discussed above and to indicate their position whether Mr. Brakeall's petition should be dismissed; and

(3) Mr. Brakeall will file and serve a pleading within thirty (30) days addressing the exhaustion issue discussed above. In that pleading Mr. Brakeall must indicate whether his petition should be dismissed on the basis of failure to exhaust state remedies, or whether some other basis exists excusing his failure to exhaust which would entitle him to continue to pursue habeas relief in this court on his current petition.

PETITIONER WINSTON BRAKEALL IS HEREBY ADVISED THAT DISMISSAL OF HIS PETITION IS POSSIBLE DEPENDING UPON THE RESPONSES THIS COURT RECEIVES TO THIS ORDER TO SHOW CAUSE.

DATED this 22nd day of August, 2017.

                        BY THE COURT:

                        VERONICA L. DUFFY
                        United States Magistrate Judge