UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WINSTON GREY BRAKEALL, a/k/a Winston G. Brakeall, | 4:17-CV-04112-LLP |
| Petitioner, | REPORT AND RECOMMENDATION |
| vs. | |
| ROBERT DOOLEY, Chief Warden, Mike Durfee State Prison, | |
| Respondents. | |

**INTRODUCTION**

Petitioner, Winston Grey Brakeall, an inmate at the Mike Durfee State Prison in Springfield, South Dakota, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Brakeall challenges the revocation of his parole, alleging defendants violated his constitutional rights in doing so. See Docket No. 1. Mr. Brakeall filed a state habeas petition challenging his parole revocation, but the state circuit court judge summarily dismissed his petition because Mr. Brakeall failed to pursue an administrative appeal of the decision by the South Dakota Board of Pardons and Parole ("the Board"). Id. Mr. Brakeall now seeks habeas relief in this court, alleging that because his constitutional rights were violated, he need not have pursued administrative remedies in state court. Id.

## FACTS

Mr. Brakeall is in state custody pursuant to four separate judgments entered in Minnehaha County, South Dakota, in January, 1997.  See Docket Nos. 9-1 through 9-4.  All four of these judgments were related to the same criminal file, State v. Brakeall, CR 96-4753, Second Judicial Circuit, Minnehaha County, South Dakota.  Pursuant to those judgments, Mr. Brakeall was sentenced to serve a total of sixty years' imprisonment in the South Dakota State Penitentiary (SDSP). Id.  Mr. Brakeall did not file a direct appeal.

In July, 1999, Mr. Brakeall attempted to appeal a prison disciplinary decision to the state circuit court, purportedly pursuant to SDCL § 1-26-30.2. Docket 9-10.  The Honorable Gene Paul Kean dismissed that action, because the disciplinary matter was not a matter appealable under SDCL Chapter 1-26.  Id; Docket 9-11.  Mr. Brakeall attempted to appeal Judge Kean's decision to the South Dakota Supreme Court, but the South Dakota Supreme Court dismissed Mr. Brakeall's appeal.   The order from which Mr. Brakeall was attempting to appeal was not an appealable order pursuant to SDCL § 15-26A-3.  Docket 9-12.

On March 12, 2001, Mr. Brakeall filed a petition for writ of habeas corpus in state court, challenging the validity of his convictions.  Docket 9-5.  The Honorable Richard Bogue, Circuit Court Judge, Second Judicial Circuit, Minnehaha County, dismissed that petition but granted a certificate of probable cause.  Dockets 9-6 and 9-7.  Mr. Brakeall thereafter appealed the matter to the South Dakota Supreme Court.  Docket 9-8. Mr. Brakeall's state habeas counsel failed to file the appeal in a timely manner, however, and the South Dakota Supreme Court dismissed the appeal on that basis.  Docket 9-9.

2

Next, in March, 2002, Mr. Brakeall filed another petition for habeas corpus in state court.  Docket 9-13.  The Honorable Judith Meierhenry, Circuit Court Judge, Second Judicial Circuit, Minnehaha County, held an evidentiary hearing in May, 2002.  Judge Meierhenry denied the new issues raised by Mr. Brakeall in this second state habeas petition on the merits, but found Mr. Brakeall's first habeas counsel was ineffective for failing to file a timely appeal of his first habeas petition, thereby denying his ability to appeal the issues raised in that petition.  Judge Meierhenry therefore directed that a new certificate of probable cause be issued to allow Mr. Brakeall to file a renewed appeal on the issues he raised in his first state habeas claim.  Docket 9-14.  Thereafter, Mr. Brakeall's new habeas counsel filed a timely notice of appeal (Docket 9-15), and all of Mr. Brakeall's state habeas claims were fully briefed to the South Dakota Supreme Court (Docket Nos. 9-16 and 9-17).  On July 30, 2003, the South Dakota Supreme Court issued its opinion denying Mr. Brakeall's state habeas claims in their entirety.  Docket 9-19.

Next, in March of 2009, after some confusion arose regarding Mr. Brakeall's parole eligibility date, the South Dakota Board of Pardons and Paroles (the Board) held a hearing to determine the correct calculation of the same.  Docket 9-20.  On April 1, 2009, the Board issued findings of fact and conclusions of law, determining Mr. Brakeall's parole eligibility date was May 28, 2012.  Id.; Docket 21.  Mr. Brakeall, through his attorney, appealed the Board's decision to the state circuit court pursuant to SDCL § 1-26-30.2.  Docket 9-22.  The Honorable Robin Houwman, Circuit Court Judge, Second Judicial Circuit, Minnehaha County, affirmed the Board's decision but remanded for clarification regarding Mr. Brakeall's good time calculation.  Docket Nos. 9-23 & 9-24.  In January, 2011,

3

The Honorable William Srstka, Circuit Court Judge, Second Judicial Circuit, Minnehaha County, entered an order affirming the Board's good time calculation. Docket 9-26. Mr. Brakeall appealed both the order affirming the Board's parole date calculation and the order affirming his good time calculation to the South Dakota Supreme Court. Docket 9-28. After briefing, the South Dakota Supreme Court summarily affirmed the Board's calculations. Docket 9-31.

On August 9, 2012, Mr. Brakeall was released on parole. Docket 9-32. Thereafter, Mr. Brakeall's parole agent issued a violation report and the Board held a hearing to determine whether his parole should be revoked. Dockets 9-33 and 9-34. Ultimately, in July, 2016, the Board revoked Mr. Brakeall's parole. Id. The Board served notice of entry of its decision upon Mr. Brakeall on August 19, 2016. Docket 9-34. Rather than appeal this determination, over ten months later, on June 22, 2017, Mr. Brakeall filed a petition for writ of habeas corpus in the Second Judicial Circuit, Minnehaha County. Docket 9-35.

On June 30, 2017, the Honorable Lawrence Long, Presiding Circuit Court Judge for the Second Judicial Circuit, Minnehaha County, entered an order denying        Mr. Brakeall's petition for writ of habeas corpus. Docket 9-36. Within that order, Judge Long explained that because Mr. Brakeall was disputing the revocation of his parole, Mr. Brakeall's proper course of action was an administrative appeal via SDCL Chapter 1-26 rather than a writ of habeas corpus. Id. Mr. Brakeall did not appeal Judge Long's order dismissing this state habeas petition. Instead, on August 21, 2017, Mr. Brakeall filed the instant federal petition. Docket 1.

4

After initial screening, this court issued an order to show cause why Mr. Brakeall's petition should not be dismissed for failure to exhaust his state remedies.  Docket 5.  Thereafter, the respondent moved to dismiss Mr. Brakeall's petition for failure to exhaust and based upon the related theory of procedural default.  Docket 8.  The respondent has filed a brief with supporting documentation.  Docket 9.  Mr. Brakeall has filed a memorandum in response to the court's order to show cause, and had also responded to the motion to dismiss. Docket Nos. 6, 7, 10, and 11.  Additionally, Mr. Brakeall has filed a motion requesting the court to order the respondents to allow him more access to prison computers, printing and copying, all without cost to Mr. Brakeall.  Docket 12.

## DISCUSSION

### A.    Principles Applicable to 12(b)(6) Motion to Dismiss

Respondents' motion to dismiss is based on FED. R. CIV. P. 12(b)(6), which allows dismissal if the petitioner has failed to state a claim upon which relief can be granted.  Petitioners must plead "enough facts to state a claim to relief that is *plausible* on its face."  Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(emphasis added).

Under Federal Rule of Civil Procedure 8(a)(2), a petitioner must plead only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Id. at 554-55 (quoting FED. R. CIV. P. 8(a)(2)).  A complaint does not need "detailed factual allegations" to survive a motion to dismiss, but a petitioner must provide the grounds for his entitlement to relief and cannot merely recite the elements of his cause of action.  Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  There is also a "plausibility standard" which

"requires a complaint with enough factual matter (taken as true)" to support the conclusion that the petitioner has a valid claim. Id. at 556. The petitioner's complaint must contain sufficiently specific factual allegations in order to cross the line between "possibility" and "plausibility" of entitlement to relief. Id. There are two "working principles" that apply to Rule 12(b)(6) motions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). First, courts are not required to accept as true legal conclusions "couched as factual allegation[s]" contained in a complaint. Id. (citing Papasan, 478 U.S. at 286). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555). Rule 8 "does not unlock the doors of discovery for a petitioner armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79.

Second, the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (quoting decision below Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007)). Where the petitioner's allegations are merely conclusory, the court may not infer more than the mere possibility of misconduct, and the complaint has alleged–but has not "show[n]"–that he is entitled to relief as required by Rule 8(a)(2). Iqbal, 556 U.S. at 679 (emphasis added). The Court explained that a reviewing court should begin by identifying statements in the complaint that are conclusory and therefore not entitled to the presumption of truth. Id. at 679-680. Legal conclusions must be supported by factual allegations demonstrating the grounds for a petitioner's entitlement to relief. Id. at 679;

<u>Twombly</u>, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).  A court should assume the truth only of "well-pleaded factual allegations," and then may proceed to determine whether the allegations "plausibly give rise to an entitlement to relief." <u>Iqbal</u>, 556 U.S. at 679.  These are the principles guiding the court's evaluation of respondents' motion.

**B.      Exhaustion of State Court Remedies**

A state prisoner who believes he is incarcerated in violation of the Constitution or laws of the United States may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Such petitions are governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  Under AEDPA, federal courts may exercise only a "limited and deferential review of underlying state court decisions."  <u>Osborne v. Purkett</u>, 411 F.3d 911, 914 (8th Cir. 2005).  Under ADEPA, federal habeas review of state court convictions is limited to claims the petitioner previously presented to the state courts for consideration:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
> >    (A) the applicant has exhausted the remedies available in the courts of the state; or
> >    (B)      (i) there is an absence of available State corrective process; or
> >             (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> * * *
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

> <u>See</u> 28 U.S.C. § 2254(b) and (c).

"[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). If a ground for relief in the petitioner's claim makes factual or legal arguments that were not present in the petitioner's state claim, then the ground is not exhausted. Kenley v. Armontrout, 937 F.2d 1298, 1302 (8th Cir. 1991). The exhaustion doctrine protects the state courts' role in enforcing federal law and prevents the disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982). The Supreme Court has stated:

> Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Rose, 455 U.S. at 518 (citation omitted).

The exhaustion rule requires state prisoners to seek complete relief on all claims in state court prior to filing a writ of habeas corpus in federal court. Federal courts should, therefore, dismiss a petition for a writ of habeas corpus that contains claims that the petitioner did not exhaust at the state level. See 28 U.S.C. § 2254; Rose, 455 U.S. at 522. The exhaustion requirement is waived "only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995).

A federal court must determine whether the petitioner fairly presented an issue to the state courts in a federal constitutional context. Satter v. Leapley,

8

977 F.2d 1259, 1262 (8th Cir. 1992).  "To satisfy exhaustion requirements, a habeas petitioner who has, on direct appeal, raised a claim that is decided on its merits need not raise it again in a state post-conviction proceeding."  Id. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan, 526 U.S. at 845.  "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

Fairly presenting a federal claim requires more than simply going through the state courts:

> The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.

Picard v. Connor, 404 U.S. 270, 276 (1971).

It is also not enough for the petitioner to assert facts necessary to support a federal claim or to assert a similar state-law claim.  Ashker, 5 F.3d at 1179.  The petitioner must present both the factual and legal premises of the federal claims to the state court.  Smittie v. Lockhart, 843 F.2d 295 at 297 (8th Cir. 1988) (citation omitted).  "The petitioner must 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional

issue.' " Ashker, 5 F.3d at 1179.  This does not, however, require petitioner to cite "book and verse on the federal constitution." Picard, 404 U.S. at 278 (citing Daugharty v. Gladden, 257 F.2d 750, 758 (9th Cir. 1958)).  The petitioner must simply make apparent the constitutional substance of the claim. Satter, 977 F.2d at 1262.

In this federal petition, Mr. Brakeall asserts his state parole revocation violated his constitutional rights because he was forced to submit to polygraph testing or face the revocation of his parole. See Docket 1.  Although Mr. Brakeall did file a habeas petition in state court, it appears to the court that Mr. Brakeall's claim is not exhausted at the state level.  That is because it is the final decision of the Board of Pardons and Paroles which Mr. Brakeall sought to challenge in his state habeas petition and in this, his pending § 2254 petition.

The appropriate remedy for Mr. Brakeall to challenge the Board's decision was *not* a state habeas corpus petition under SDCL Chapter 21-27. Instead, Mr. Brakeall should have pursued an appeal of the Board's decision through SDCL Chapter 1-26.  Because he failed to properly pursue his administrative appeal, it appears Mr. Brakeall has not exhausted his state remedies.

South Dakota law provides  "[a]n appeal from the Board is governed by SDCL § 1-26-37." Santema v. South Dakota Board of Pardons and Paroles, 735 N.W.2d 904, 905 (S.D. 2007) (quoting Austad v. South Dakota Board of Pardons and Paroles, 719 N.W.2d 760, 764 (S.D. 2006)).  In Santema, the

10

South Dakota inmate challenged the Board's calculation of his parole eligibility date.  Id.  In Austad, as in this case, the inmate challenged the Board's revocation of his parole.  Austad, 719 N.W.2d at 762.  In both cases, the South Dakota Supreme Court unequivocally instructed that appeals from the decisions of the Board of Pardons and Paroles are governed by SDCL § 1-26-37. Santema, 735 N.W.2d at 905; Austad, 719 N.W. 2d at 764.  See also, Acevedo v. South Dakota Board of Pardons and Paroles, 768 N.W.2d 155, 158 (S.D. 2009) (same).

In Bohlman v. Lindquist, 562 N.W2d 578 (S.D. 1997), a patient brought a habeas petition in circuit court, seeking a transfer to a less restrictive facility. Id. at 578.  The circuit court dismissed the petition however, because Mr. Bohlman had not obtained the necessary certification for *release*.  Id. at 580.  The South Dakota Supreme Court explained the circuit court reached the right result in dismissing Mr. Bohlman's habeas petition, though it did so for the wrong reason.  Id.

The court began by explaining the Human Services Center was an administrative agency within the Department of Human Services, an executive department under SDCL § 1-36A-1.3.  Id. at 580.  "Once an offender is within the jurisdiction of the executive branch of government, the judicial branch –the circuit court—loses jurisdiction and control.  The judiciary's relinquishment of jurisdiction to the executive branch upon commitment of a defendant to an executive agency avoids the chaos and confusion that would result from simultaneous jurisdiction."  Id. at 581 (citations omitted).  The court further

explained Mr. Bohlman must first follow the appropriate administrative

procedures to seek a less restrictive setting.

> "[I]n the event [he] is denied relief, he is entitled to judicial review
> of the denial.  SDCL § 1-26-30.
>
> Bohlman, however, has not made an administrative request to be
> transferred.  Rather than requesting the HSC evaluate his
> placement, he filed an application for a writ of habeas corpus with
> the court.  This application is premature due to Bohlman's failure
> to pursue appropriate remedies to obtain the requested transfer
> and precludes judicial jurisdiction to review the request.  We are
> without jurisdiction to entertain Bohlman's appeal at this time.
> The dismissal of Bohlman's application for a writ of habeas corpus
> is affirmed.

Id. Though Mr. Bohlman was not a prisoner, this language is significant

because persons on parole or suspended sentence are also under the

supervision of the executive branch of the government.  Krukow v. South

Dakota Board of Pardons and Paroles, 716 N.W.2d 121, 125 (S.D. 2006)

(citaitons omitted).  As such, pursuant to Bohlman, a state habeas corpus

petition is "premature" until the prisoner has complied with Chapter 1-26.

Additionally, the United States Supreme Court has explained that to

comply with 28 U.S.C. § 2254 a petitioner must only give the state "one full

opportunity to resolve any constitutional issues by invoking one complete

round of the State's *established appellate review process*."  O'Sullivan, 526 U.S.

at 845 (emphasis added).

In Castille v. Peoples, 489 U.S. 346 (1989), the Court examined the

language in § 2254 which states exhaustion is deemed incomplete if the

petitioner has the right to raise the question presented by *any* available

procedure.  Id. at 350.  The Court explained

Read narrowly, this language appears to preclude a finding of exhaustion if there exists any possibility of further state court review. We have, however, expressly rejected such a construction. <u>Brown v. Allen</u>, 344 U.S. 443, 448-49 n.3 (1953), holding instead that once the state courts have ruled upon a claim, it is not necessary for a petitioner to 'ask the state court for collateral relief, based upon the same evidence and issues already decided by direct review.' <u>Id.</u> at 447. This interpretation reconciles § 2254(c) with § 2254(b), which provides that federal habeas review will lie where state corrective processes are 'ineffective to protect the right of the prisoner.' It would be inconsistent with the latter provision, as well as the underlying principles of comity, to mandate recourse to state collateral review whose results have effectively been predetermined, or permanently to bar from federal habeas prisoners in States whose postconviction procedures are technically inexhaustible.

<u>Castille</u>, 489 U.S. at 350. According to <u>Castille</u> then, the exhaustion doctrine would not require Mr. Brakeall to file a state habeas pursuant to SDCL Chapter 21-27 if he had complied with the procedure for directly appealing decisions of the Board of Pardons and Paroles outlined pursuant to SDCL Chapter 1-26. This is because the constitutional issues Mr. Brakeall wishes to present to this court would have already been presented to the state courts through this channel. <u>See</u> <u>also</u> <u>Eaton v. Wyrick</u>, 528 F.2d 477, 480 (8th Cir. 1975) ("the exhaustion requirement was not meant . . . to provide the state with more than one full and fair opportunity to decide a question which is properly presented to it for review.").

It appears that Mr. Brakeall's claims are not exhausted because he did not invoke one <u>complete</u> round of the state's established appellate review process. <u>O'Sullivan</u>, 526 U.S. at 845. Pursuant to <u>Santema</u> the "established appellate review process" for decisions of the South Dakota Board of Pardons and Paroles is dictated by SDCL Chapter 1-26. SDCL § 1-26-31 provides:

13

> **1-26-31.   Notice of appeal--Time for service and filing.** An appeal shall be taken by serving a copy of a notice of appeal upon the adverse party, upon the agency, and upon the hearing examiner, if any, who rendered the decision, and by filing the original with proof of such service in the office of the clerk of courts of the county in which the venue of the appeal is set, within thirty days after the agency served notice of the final decision or, if a rehearing is authorized by law and is requested, within thirty days after notice has been served of the decision thereon. Failure to serve notice of the appeal upon the hearing examiner does not constitute a jurisdictional bar to the appeal.

See SDCL § 1-26-31.

The South Dakota Supreme Court has held that this requirement is jurisdictional, requiring dismissal of the appeal if it is not properly and timely filed and served.  Hansen v. South Dakota Board of Pardons and Paroles, 601 N.W.2d 617, 619 (S.D. 1999).  Thus, the circuit court (and consequently the South Dakota Supreme Court) was deprived of the opportunity to review the merits of Mr. Brakeall's constitutional claims.  As such, he failed to exhaust his constitutional claims in state court.

Normally, the appropriate action for a federal court faced with unexhausted claims would be to dismiss the petition without prejudice to allow the petitioner to exhaust his state remedies.  Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998).  In this case, however, the time for Mr. Brakeall to properly appeal the decision of the Board (thirty days) has long passed. Therefore, the doctrine of procedural default comes into play.

Because Mr. Brakeall has not exhausted his state remedies as to his parole revocation, the court must analyze whether there are any non-futile state remedies still available to him.  In other words, would it do any good to

14

send Mr. Brakeall back to state court to allow him to exhaust?  The answer is "no."

South Dakota law requires that a person wishing to appeal an administrative decision must do so within thirty days of the date the agency served notice of the agency's final decision.  See SDCL § 1-26-31, cited above. Failure to follow the plain language of the statute deprives the circuit court of jurisdiction over the appeal and requires dismissal.  Hansen, 601 N.W.2d at 619 (dismissal of untimely appeal by inmate appealing Board's parole revocation under SDCL Chapter 1-26 affirmed); Slama v. Landmann Jungman Hospital, 654 N.W.2d 826, 828 (S.D. 2002) (failure to serve proper parties of notice of appeal of administrative decision deprives circuit court of jurisdiction).

Though Mr. Brakeall may have styled his action as a habeas rather than an appeal pursuant to SDCL Chapter 1-26, the South Dakota Supreme Court has explained he is nevertheless required to comply with the requirements of SDCL § 1-26-31.  Stumes v. Delano, 508 N.W.2d 366, 373 (S.D. 1993) (portion of state prisoner's state habeas challenging Board's parole eligibility decision dismissed as untimely for failure to comply with SDCL § 1-26-31).

In Stumes the South Dakota Supreme Court explained that, at the time the Board issued its decision denying Mr. Stumes' request for parole eligibility, Mr. Stumes already had a state habeas action pending citing other claims.  Id. at 367.  Instead of pursuing an appeal of the Board's decision, Mr. Stumes

15

moved to reopen or amend his pending state habeas to add the Board's adverse decision to the list of claims in his pending state habeas petition.   Id. at 373.

In Stumes, the South Dakota Supreme Court did not dismiss Mr. Stumes' challenge to the Board's decision because it was not an appropriate amendment to his habeas petition.  It dismissed Mr. Stumes' challenge to the Board's decision, however, because Mr. Stumes failed to file his appeal of the Board's decision (i.e. his amendment to the pending habeas petition) within the time provided by SDCL § 1-26-31, an omission which left the circuit court and the South Dakota Supreme Court without jurisdiction to decide the matter.  Id.  In other words, though Mr. Stumes *may* have been able to amend his habeas petition to assert error by the Board, he was nevertheless required to comply with the timing and service requirements of SDCL Chapter 1-26.

In his briefs (which he has styled as motions to show cause), Docket Nos. 7 and 10, Mr. Brakeall cites Matter of Maxwell, 248 N.W.2d 400 (S.D. 1976) for the proposition that the statutes governing habeas corpus actions (SDCL Chapter 21-27) instead of those governing administrative procedures (SDCL Chapter 1-26) are the appropriate manner in which to appeal the decisions of the Board of Pardons and Paroles.  In Maxwell, Mr. Maxwell was convicted of forgery and sentenced to three years' imprisonment.  Maxwell, 248 N.W.2d at 400.  He was granted parole, but the Board revoked his parole after he violated the terms of his parole agreement.  Id. at 401.  Mr. Maxwell appealed the Board's decision under the administrative procedures act, SDCL Chapter 1-26.

16

Id.  The circuit court, however, found that the administrative procedures act was not the correct method to appeal the Board's decision.  Id.  Instead, the circuit court found that the post-conviction procedures found in the post-conviction relief act (SDCL Chapter 23-52) were the appropriate manner in which to appeal the Board's revocation of Mr. Maxwell's parole.  Id.  The South Dakota Supreme Court agreed, and affirmed the circuit court's dismissal of Mr. Maxwell's attempted appeal under Chapter 1-26.  In so doing, the court noted that by enacting the administrative procedures act (SDCL Chapter 1-26), "[i]t was not the intent of the legislature to remove or modify the post-conviction relief procedures available to those complaining of an unlawful parole revocation."  Id.

Initially then, it would seem that Maxwell supports Mr. Brakeall's position in this matter (i.e. that it was appropriate for him to pursue a state habeas action in circuit court in order to appeal the Board's decision to revoke his parole).  Two things have happened since Maxwell, however, which eliminate Maxwell's relevance to Mr. Brakeall's situation.

First, the applicable chapter in the South Dakota Codified Laws (SDCL Chapter 23-52 –Post-Conviction Proceedings) was repealed in 1978.  At the time Maxwell was decided (1976), the statute upon which the circuit court and the South Dakota Supreme Court relied in determining a parole revocation should not be appealed pursuant to Chapter 1-26 was SDCL § 23-52-1.  That statute provided in relevant part:

**SDCL § 23-52-1(5)**

Except at a time when direct appellate relief is available, any person who has been convicted of, or sentenced for, a crime and who claims:

***

(5) That his sentence has expired, *his probation, parole, or conditional release unlawfully revoked*, or he is otherwise unlawfully held in custody or other restraint;

*May institute a proceeding under this chapter to secure relief.*

SDCL § 23-52-1(5) (repealed by SL 1978, Ch. 178, § 577) (emphasis added).

The Maxwell court, therefore, correctly determined *at that time*, the legislature clearly intended prisoners to use the SDCL Chapter 23-52, entitled "post-conviction proceedings" to appeal the decisions of the Board regarding parole revocation.   But after Chapter 23-52 was repealed in 1978, Maxwell is no longer authoritative.   Instead, inmates must seek such review under the administrative procedures act, SDCL Chapter 1-26.   See, Acevedo, 768 N.W.2d at 158; Santema, 735 N.W.2d at 905; Austad, 719 N.W.2d at 764. Additionally, after SDCL Chapter 23-52 was repealed, the South Dakota Supreme Court specifically disavowed the language in Maxwell which disfavored appealing the decisions of administrative penitentiary officials via SDCL Chapter 1-26.   In Tibbetts v. State, 336 N.W.2d 658, 662 (S.D. 1983), [1] the court held that review under the administrative procedure act *is* appropriate.   "To the extent that our decision in Matter of Maxwell, 248 N.W.2d

---

[1] The subject of review in Tibbetts was an administrative action taken against an inmate resulting in the reduction of his good time credit.   Tibbetts, 336 N.W. 2d at 659.

400 (S.D. 1976) is inconsistent with our decision today, we no longer adhere to the views expressed in that case." Tibbetts, 336 N.W.2d at 662.

That Mr. Brakeall chose to label his method of redress in state circuit court as a habeas petition *may not* have been fatal to his claim, but that he did not file his appeal (a/k/a his habeas petition) within the time frame mandated by SDCL § 1-26-31 was. Stumes, 508 N.W.2d at 373; Hansen, 601 N.W.2d at 619. Thus, the court turns to the question of procedural default.

## C.    Procedural Default

### 1.    Mr. Brakeall Has Procedurally Defaulted

Closely related to the doctrine of state court exhaustion is the doctrine of procedural default.  Both doctrines are animated by the same principles of comity—that is, in our dual system of government, federal courts should defer action on habeas matters before them when to act on those petitions would undermine the state courts' authority, which have equal obligations to uphold the constitution.  See Coleman v. Thompson, 501 U.S. 722, 731 (1991) (quoting Rose, 455 U.S. at 518), overruled in part on other grounds by Martinez v. Ryan, 566 U.S. ___, 132 S. Ct. 1309 (2012),[2] superseded in part on other grounds by

---

[2] If a prisoner cannot raise a claim of ineffective assistance of counsel in his direct appeal, and he was not given counsel in state habeas proceedings–or his state habeas counsel was himself or herself ineffective–then procedural default does not bar a federal habeas court from hearing the prisoner's ineffective assistance claims.  Martinez v. Ryan, 566 U.S. ___, 132 S. Ct. 1309, 1318 (2012).  The Court recognized a narrow exception to the unqualified statement in Coleman, to the effect that the ineffectiveness of state habeas counsel does not provide cause to excuse a procedural default.  The Martinez Court held that inadequate assistance of counsel at the state habeas proceedings may establish cause.  Martinez, 132 S.Ct. at 1318.  The Court distinguished Coleman on the basis that the error of the state habeas lawyer in that case was

statute as recognized in <u>Duncan v. Atchison</u>, 2014 WL 4062737 (N.D. Ill. Aug. 13, 2014). While the exhaustion rule asks *whether* a petitioner has exhausted his remedies in state court, the procedural default rule asks whether the petitioner has *properly* exhausted those remedies—"whether he has fairly presented his claims to the state courts." <u>O'Sullivan</u>, 526 U.S. at 848.

Procedural default is sometimes called the "adequate and independent state grounds" doctrine. A federal habeas petitioner who has defaulted his federal claims in state court by failing to meet the state's procedural rules for presenting those claims has committed "procedural default." <u>Coleman</u>, 501 U.S. at 731-32, 735 n. 1. If federal courts allowed such claims to be heard in federal court, they would be allowing habeas petitioners to perform an "end

---

*on appeal* from the trial state habeas court's decision. <u>Id.</u> at 1319. This is different than making an error *before the state trial habeas court itself*, rather than before an appellate state habeas court. <u>Id.</u>

> <u>Martinez</u> announced a 'narrow exception' to the <u>Coleman</u> rule: Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

<u>Dansby v. Hobbs</u>, 766 F.3d 809, 828 (8th Cir. 2014) (citing <u>Martinez</u>, 132 S. Ct. at 1320).

> <u>Martinez</u> is inapplicable here for several reasons. First, there is no constitutional right to appointed counsel in parole proceedings in South Dakota. <u>Cowans v. South Dakota Board of Pardons and Paroles</u>, 764 N.W.2d 501, 505 (S.D. 2009). Second, the error or "cause" of the default here occurred during the appeal of the Board's decision, so the situation is analogous to <u>Coleman</u> and <u>Martinez</u> is inapplicable in any event. And the Supreme Court has recently reaffirmed its <u>Coleman</u> rule that errors on appeal do not supply cause to excuse procedural default, even if it is alleged that habeas counsel was ineffective in failing to raise appellate counsel's errors in the state habeas proceeding. <u>See</u> <u>Davila v. Davis</u>, 582 U.S. ___, 137 S. Ct. 2058 (2017).

run" around state procedural rules.  Id.  However, where no further non-futile remedy exists in state court, it is not feasible to require the petitioner to return to state court as would be the case in a dismissal for failure to exhaust state remedies.

In the Coleman case, the habeas petitioner, Coleman, had defaulted all of his federal claims by filing his notice of appeal from the state trial court three days late.  Coleman, 501 U.S. at 727-28, 749.  The state appellate court then refused to hear Coleman's appeal on the basis of his late-filed notice of appeal. Id. at 740.  The Court held "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Id. at 750.  See also Ruiz v. Norris, 71 F.3d 1404, 1409 (8th Cir. 1995) ("A district court need not consider the merits of a procedurally defaulted claim.") (citations omitted).  To fit within the fundamental miscarriage of justice exception, the petitioner must make a showing of actual innocence.  Schlup v. Delo, 513 U.S. 298, 321, (1995).   A successful claim of actual innocence requires the petitioner to support his allegations with new, reliable evidence. Weeks v. Bowersox, 119 F.3d 1342, 1351 (8th Cir. 1997).

"Adequate and independent state grounds" exist for the state court's decision if the decision of the state court rests on a state law ground that is

independent of the federal question and adequate to support the judgment. Coleman, 501 U.S. at 729. "This rule applies whether the state law ground is substantive or procedural." Id. at 729. "[A] state procedural ground is not adequate unless the procedural rule is strictly or regularly followed." Johnson v. Mississippi, 486 U.S. 578, 587 (1988).

"The federal court looks to the last, reasoned state court opinion dealing with the claim to determine whether a specific contention is procedurally defaulted. If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar that might otherwise have been available." Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004) (citations omitted).

The last reasoned state court opinion addressing Mr. Brakeall's claims denied relief because Mr. Brakeall's petition was procedurally barred. See Docket 9-36. Because the Board issued its notice of entry on August 19, 2016 (Docket 9-34) and Mr. Brakeall did not file his appeal (state habeas) until June 22, 2017 (Docket 9-35), Mr. Brakeall did miss the applicable statute statute of limitations, which was thirty days pursuant to SDCL § 1-26-31.

The South Dakota Supreme Court regularly and strictly enforces the requirement that the notice of appeal be timely served to appeal decisions of the Board. Stumes, 508 N.W.2d at 373; Hansen, 601 N.W.2d at 619. The South Dakota Supreme Court characterizes the requirement as jurisdictional, so that failure to timely file the notice results in a deprivation of subject matter jurisdiction. Id.

Because the last reasoned state court opinion dealing with Mr. Brakeall's constitutional claims did not address their merits but rejected them on procedural grounds, this court is precluded from reviewing them.  Coleman, 501 U.S. at 750; Wiegers v.Weber, 37 Fed. Appx. 218, 219-20 (8th Cir. 2002) (unpublished) (prisoner's failure to timely appeal denial of state habeas resulted in failure to give South Dakota one full opportunity to resolve any constitutional issue by invoking one complete round of South Dakota's established appellate process–and thus his claims were procedurally defaulted).

### 2.    Mr. Brakeall Has Not Established Cause

A state procedural default bars federal habeas review unless the petitioner can demonstrate "cause" for the default *and* actual prejudice as a result of the violation of federal law.  Maynard v. Lockhart, 981 F.2d 981, 984 (8th Cir. 1992) (citations omitted, emphasis added).   If no "cause" is found, the court need not consider whether actual prejudice occurred.  Id. at 985; Wyldes v. Hundley, 69 F.3d 247, 253 (8th Cir. 1995) (citations omitted).  "The requirement of cause . . . is based on the principle that petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief . . ."  Cornman v. Armontrout, 959 F.2d 727, 729 (8th Cir. 1992).  The habeas petitioner must show that "some objective factor *external to [petitioner]* impeded [his] efforts."  Id. (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)) (emphasis added).

A petitioner may show cause by demonstrating that the factual or legal basis for a claim was not reasonably available to the petitioner at the time or

23

that there was interference by officials which prevented the petitioner from exhausting his state remedies. <u>Murray</u>, 477 U.S. at 488.

Mr. Brakeall attempts to show both of these avenues of cause, but neither showing is persuasive or sufficient. First, Mr. Brakeall asserts the factual/legal basis for his claim was not reasonably available to him until he discovered a Tenth Circuit case in October, 2016, which supports his legal theory (i.e. that forcing him to take a polygraph or face parole revocation violates his constitutional rights). Mr. Brakeall cites a Tenth Circuit case which he alleges was not "available to him" until October, 2016—after the thirty day deadline had passed for filing his administrative appeal. The case cited by Mr. Brakeall is <u>United States v. Von Behren</u>, 822 F.3d 1139 (10th Cir. 2016).

In <u>Von Behren</u>, the Tenth Circuit held that the government's threat to seek revocation of Mr. Von Behren's supervised release if he refused to participate in a sexual polygraph test which subjected him to potentially incriminating questions amounted to unconstitutional compulsion under the Fifth Amendment. <u>Id.</u> at 1150. <u>Von Behren</u>, however, was decided in May, 2016, three months <u>before</u> Mr. Brakeall's parole was revoked. Additionally, the legal underpinnings for <u>Von Behren,</u> as described in the <u>Von Behren</u> case itself, are contained in a 1984 United States Supreme Court case, <u>Minnesota v. Murphy</u>, 465 U.S. 420 (1984). The Von Behren court explained that <u>Murphy</u> "recognizes that a threat to revoke one's probation for properly invoking his Fifth Amendment privilege is the type of compulsion the state may not

24

constitutionally impose." <u>Von Behren</u>, 822 F.3d at 1150 (citing <u>Murphy</u>, 465 U.S. at 426). Because the state threatened Mr. Von Behren with revocation of his parole if he refused the sexual polygraph, the threat was an unconstitutional compulsion under the Fifth Amendment—an outcome "suggested in <u>Murphy</u> thirty years ago . . ." <u>Von Behren</u>, 822 F.3d at 1150. The legal basis for Mr. Brakeall's claim, therefore, was far from "new." The factual basis for his claim was likewise discoverable by Mr. Brakeall immediately upon its occurrence, as Mr. Brakeall was aware of the factual basis for his claim the moment he was allegedly faced with the choice between taking the polygraph test or having his parole revoked. This basis for Mr. Brakeall's procedural default therefore fails.

Next, Mr. Brakeall asserts he received bad advice from the prison lawyer about how to proceed with appealing the Board's decision to revoke his parole. This claim fails as well, however, because as explained above, there is no constitutional right to counsel in parole proceedings in South Dakota. <u>Cowans</u> 764 N.W.2d at 505.

A petitioner's lay status, *pro se* status, and lack of education are not sufficient cause to excuse a procedural lapse in failing to pursue state court remedies. <u>See</u> <u>Stewart v. Nix</u>, 31 F.3d 741, 743 (8th Cir. 1994); <u>Smittie</u>, 843 F.2d at 298. Illiteracy or low intelligence are also not enough to demonstrate cause. <u>See</u> <u>Criswell v. United States</u>, 108 F.3d 1381, *1 (8th Cir. 1997) (unpub'd.); <u>Cornman</u>, 959 F.2d at 729. Finally, neither is ignorance of the law. <u>Maxie v. Webster</u>, 978 F.2d 1264, *1 (8th Cir. 1992) (unpub'd.).

Here, Mr. Brakeall does not allege facts sufficient to establish cause for his procedural default.  Mr. Brakeall's procedural default stems from the fact that he failed to serve his notice of appeal in a timely fashion but Mr. Brakeall provides no legally sufficient explanation for this failure.  Because Mr. Brakeall has failed to establish cause, the court will not engage in a discussion regarding the issue of prejudice.  <u>Maynard</u>, 981 F.2d at 985; <u>Wyldes</u>, 69 F.3d at 253.

### 3.    Mr. Brakeall Has Not Established Actual Innocence

"In an effort to balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case, the Court has recognized a miscarriage of justice exception."  <u>House v. Bell</u>, 547 U.S. 518, 536 (2006) (internal citations omitted).  The miscarriage of justice exception is available to only those petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995).  "Actual innocence" is not an independent constitutional claim upon which habeas relief can be granted; instead, it is "a gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred constitutional claim considered on the merits."  <u>Id.</u> at 315.  Actual innocence means factual innocence, it does not mean mere legal insufficiency.  <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998).  Actual innocence claims are rarely successful as they require the petitioner to carry an exacting burden.  <u>Schlup</u>, 513 U.S. at 324.

26

In order to show actual innocence, Mr. Brakeall must: (1) produce "new reliable evidence" not presented previously; and (2) he must "show that, in light of all the evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of the crime for which he pleaded guilty and was convicted." Id. at 324; United States v. Apker, 174 F.3d 934, 938-39 (8th Cir. 1999).

Evidence is "new" only if it was not available at the time of the plea and if it could not have been discovered earlier through the exercise of due diligence. Johnson v. Norris, 170 F.3d 816, 818 (8th Cir. 1999). A petitioner can make the new evidence showing only where he demonstrates that the factual basis for the evidence did not exist at the time of the plea and could not have been presented earlier. Id. The evidence must not only be "new" but it must also be "reliable." Schlup, 513 U.S. at 324.

Mr. Brakeall never asserts his actual innocence, only that his parole revocation occurred as a result of a violation of his constitutional rights. As such, Mr. Brakeall does not satisfy the demanding Schlup standard for establishing his "actual innocence." He has not identified any evidence to establish his "innocence" of the parole revocation charges much less demonstrate that the evidence was (1) reliable, (2) newly discovered, and (3) could not have been earlier discovered with due diligence. Because he has not claimed nor established actual innocence, he also fails to show that no reasonable jury would have found him guilty beyond a reasonable doubt if the

jury had known of new, reliable evidence.  "Actual innocence" cannot be a vehicle to excuse Mr. Brakeall's procedural default.

The doctrine of procedural default is not intended to "create a procedural hurdle on the path to" federal habeas relief.  Mellott, 63 F.3d at 784.  However, strong comity concerns underlie the reason for the rule's adoption.  Id. Mr. Brakeall has not alleged any grounds which would support a finding by this court that "cause" exists which would excuse his failure to comply with the state's procedural rules.  He has also failed to establish his "actual innocence," so there is no basis for the court to conclude that a fundamental miscarriage of justice will occur absent federal court review of Mr. Brakeall's habeas claims. Accordingly, the court recommends that Mr. Brakeall's federal habeas petition be dismissed for procedural default.

A dismissal on grounds of procedural default is a dismissal *with* prejudice, unlike a dismissal for failure to exhaust state remedies, which is without prejudice.  Compare Armstrong v. Iowa, 418 F.3d 924, 926-27 (8th Cir. 2005) (dismissal with prejudice is appropriate where the ground for dismissal is procedural default), with Carmichael, 163 F.3d at 1045-46 (dismissal for failure to exhaust state remedies where state remedies remain available to petitioner should be a dismissal without prejudice).

## CONCLUSION

Based on the foregoing law, facts, and analysis, this court respectfully recommends that respondents' motion to dismiss [Docket No. 8] be granted and that petitioner Winston Brakeall's habeas petition (Docket 1) be dismissed

28

**with prejudice**.  It is further recommended that Mr. Brakeall's motion for computer access and printing (Docket 12) be denied as moot.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED January 2, 2018.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge