UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

*****************************************************************

| | | |
|---|---|---|
| WINSTON GREY BRAKEALL, | * | CIV 17-4112 |
| a/k/a Winston G. Brakeall, | * | |
| | * | |
| Petitioner, | * | |
| vs. | * | ORDER |
| | * | |
| ROBERT DOOLEY, Chief Warden, | * | |
| Mike Durfee State Prison, | * | |
| | * | |
| Respondent. | * | |

*****************************************************************

Petitioner Winston Grey Brakeall, an inmate at the Mike Durfee State Prison, has applied for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued a Report and Recommendation recommending that the Petition be dismissed with prejudice due to procedural default. Petitioner filed objections to the Report and Recommendation.

In the Report and Recommendation, Magistrate Judge Duffy also recommended Petitioner's Motion for Order, for computer access and printing, Doc. 12, be denied as moot. Petitioner then filed a Motion for Reconsideration, Doc. 19, requesting the Court to reconsider the recommendation regarding computer access and the number of pages inmates are allowed to print. That claim is moot as to this case as this case is being dismissed with prejudice. The limitation of access claimed does not in this case establish cause as a basis to avoid procedural default.

The Court has conducted a *de novo* review of Petitioner's case before this Court, including Petitioner's Objections to the Report and Recommendation, and adopts the Report and Recommendation. Petitioner did not appeal pursuant to SDCL 1-26, the only method of appeal from the decision of the South Dakota Board of Pardons and Paroles revoking his parole for failing some but passing other polygraph tests which asked incriminating questions which if answered one way

could lead to a felony conviction. Petitioner in other instances refused to answer mandatory questions on the basis of possible self-incrimination. Petitioner has a non-frivolous constitutional claim on the basis of the persuasive but non-binding decision of the Tenth Circuit Court of Appeals in *United States v. VanBehren*, 822 F.3d 1139 (10th Cir. 2016) (government's threat to seek revocation of supervised release if defendant refused to answer mandatory questions in a polygraph constituted unconstitutional compulsion under the Fifth Amendment). The Tenth Circuit and other circuits have upheld polygraph testing as a special condition of supervised release. *See, e.g. United States v. Johnson*, 446 F.3d 272, 277 (2d Cir. 2006); *United States v. Dotson*, 324 F.3d 256, 261 (4th Cir. 2003); *United States v. Zinn*, 321 F.3d 1084, 1090 (11th Cir. 2003); *United States v. Lee*, 315 F.3d 206, 217 (3rd Cir. 2003). When punishment is not the result of candor, there can be benefits to the defendant and the public in terms of effective supervision, deterrence and other treatment.

*Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851 (1995) sets the standard for determining actual innocence to avoid a procedural bar to consideration of merits of constitutional claims. The requirement is that a procedurally defaulted petitioner show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. The petitioner must submit new, reliable evidence to support the claim of actual innocence. *Amrine v. Bowersox*, 238 F.3d 1023 (8th Cir. 2001) applied in *Kidd v. Norman*, 651 F.3d 947 (8th Cir. 2011). *Kidd* is criticized in 50 Creighton L. Rev. 367 (2017): "Does Actual Innocence Actually Matter? Why the *Schlup* Actual Innocence Gateway Requires Newly Presented, Reliable Evidence." *Schlup* is a gateway designed to prevent a fundamental miscarriage of justice where a defendant can meet the evidentiary requirement for showing actual innocence. The present case presents a colorable claim of a constitutional violation, but the nature of the case does not provide for a showing of new credible evidence of actual innocence. If the present case were to allow an exception to procedural default, another gateway to avoid procedural bar to the consideration of constitutional claims would have to be recognized. The courts have not recognized such an additional gateway and Congress has not created one.

Accordingly,

IT IS ORDERED:

1. That Petitioner's Objections (Doc. 22) are denied, and the Magistrate Judge's Report and Recommendation (Doc. 13) is adopted.

2. That Respondents' Motion to Dismiss Petitioner's Application for Writ of Habeas Corpus (Doc. 8) is granted.

3. That Petitioner's Motion for Order, for computer access and printing (Doc. 12) is denied as moot.

4. That the Petitioner's Motion for Reconsideration (Doc. 19) is denied.

5. That Petitioner's Motion to Amend/Correct Petition for Writ of Habeas Corpus (Doc. 16) is denied.

6. That Petitioner's Application for Writ of Habeas Corpus (Doc. 1) is dismissed with prejudice.

7. That a Certificate of Appealability shall not issue.

Dated this 18th day of July, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

BY: _____
Deputy